THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PTI GROUP, USA, LLC., ) | Case No. 2:12CV00490 DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| REMOTE LAUNDRY, LLC., ET AL., ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.  INTRODUCTION**

PTI Group entered into a Contract with Remote Laundry for the lease of equipment. PTI Group filed this lawsuit complaining that Remote Laundry breached that contract.  Default Judgement was subsequently entered against Remote Laundry and for PTI .

PTI Group also has alleged that to facilitate signing of the Contract, Richard Nuffer, Remote Laundry's Vice President of Sales, signed a Credit Application and Agreement on behalf of Remote Laundry whereby he personally agreed to pay Remote Laundry's legal fees.

By its motion, Plaintiff seeks summary judgment on their Second Cause of Action which alleges that Defendant Richard Nuffer has breached the Credit Application and Agreement.

## II.    SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

---

[1]Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

## III.  DISCUSSION

PTI Group asserts that as the signor of the Credit Application and Agreement, Mr. Nuffer, is contractually bound to pay for PTI Group's legal fees.

In his brief response, Mr. Nuffer contends that "[n]owhere in the language of the credit application does it state that the signor of the document makes a personal guarantee for the lawyer fees."  Opp'n at 1.

The relevant language of the Credit Application and Agreement is located on the third page, in the paragraph immediately preceding Mr. Nuffer's signature as Vice President of Sales and provides as follows:

> I/We hereby represent that I/We are authorized to submit the application on behalf of the customer named above. I/We, the undersigned, hereby certify the above information to be true and correct.  I/We consent to the obtaining of such information as may be required at any time in connection with the credit hereby applied for or any renewal or intention thereof.  I/We also agree to the disclosure of such information to any person or credit-reporting agency with which the undersigned has or may have financial relations.  I/We consent to the obtaining of searches from Land Titles offices.  For the purposes of any applicable statue [sic] pertaining to the privacy of information this clause shall constitute full and sufficient consent for the collection, use and disclosure of information, as required for a credit investigation. **If the account, once opened is placed in the hands of a solicitor or collection agency, I/We agree to pay all legal fees and disbursements incurred by PTI Group USA LLC.** ...

Credit App., Compl., Ex. B at 3.

Although not addressed specifically by either party, as discussed by the Utah Supreme Court, it appears that Utah statutory and case authority controls the issue presented.

> The Utah Revised **Limited Liability Company Act indicates** that "**no organizer, member, manager, or employee of a company is personally liable ... for a debt, obligation, or liability of the company.**" Utah Code Ann. § 48-2c-601 (2007). **Additionally, we have held that "where an agent has signed a contract in a personal capacity, that is, executed it in a manner clearly indicating that the liability is his alone ... he must fulfill.**" *Starley v. Deseret Foods Corp.,* ... 74 P.2d 1221, 1223 (1938). **It follows then that Vincent, as the chairman of ASC during negotiations with Daines, can be held personally liable for a signed contract only if he executed the contract "in a manner clearly indicating that the liability was his alone.**" *Id.*

*Daines v. Vincent et al.*, 190 P.3d 1269, 1280 (Utah 2008)(emphasis added).[2]

Based on the facts and argument before it, the Court concludes that PTI Group has failed to establish that by signing the Credit Application and Agreement, Mr. Nuffer made himself personally liable for Remote Laundry's legal fees. It is undisputed that

---

[2] *Compare, Anderson v. Gardner,* 647 P.2d 3 (Utah 1982)(quotation marks and citation omitted)(authorized representative who signs his name to an agreement is personally obligated if the agreement neither names the person represented nor shows that the representative signed in a representative capacity); and *Boise Cascade Corp. V. Stonewood Development Corp.*, 655 P.2d 668, 669 (Utah 1982)(corporate officer was liable in a personal, not representative capacity, where he signed guarantee agreement which provided that the "undersigned unconditionally promise and guarantee" any amount due and not paid, "otherwise the liability would result in an absurdity, i.e., that the principal obligor also was the guarantor of his own obligation").

Remote Laundry is a limited liability company and that Richard Nuffer is its Vice President of Sales.  The Credit Application and Agreement  is not signed in a manner clearly indicating that Mr. Nuffer is accepting personal liability for his company's legal fees.  His hand printed name is on the line designated for "NAME OF AUTHORIZED SIGNING OFFICER".  And next to and parallel to his signature, on the line designated "TITLE" is his hand printed title of "VP SALES".  Indeed, PTI Group acknowledges that "as a condition precedent to entering into the agreement with Remote Laundry, that Remote Laundry submit a Credit Application and Agreement ... signed by one of its representatives." Pennington Decl. at ¶5.  The Credit Application and Agreement makes no mention of Mr. Nuffer in anything other than his official capacity. And on its face, the Credit Application and Agreement is singed by Mr. Nuffer as the authorized signing officer of the company as V.P. of Sales. Nothing before the Court suggests that he is accepting personal liability for his company's legal fees, or that he is acting in anything other than a representative capacity for Remote Laundry.

    Because PTI Group has failed to present competent evidence that Mr. Nuffer was acting in anything other than a representative capacity for Remote Laundry, its motion must be denied.

### III.  CONCLUSION

For the forgoing reasons Plaintiff PTI Group's Motion for Partial Summary Judgment (Doc. #15) is denied.

IT IS SO ORDERED.

DATED this 12th day of September, 2013.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT